UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| ZIMBABWE H. FIELDS,<br><br>    Petitioner,<br><br>V.<br><br>WARDEN KIZZIAH,<br><br>    Respondent. | Civil Action No. 7: 18-51-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Zimbabwe Fields has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' calculation of his prior custody credits. [R. 1] This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). As explained more fully below, the Court will deny the petition because Fields has made these claims before and because the prior resolution of them was correct.

On June 17, 2011, Fields was on parole from a prior state drug trafficking conviction when he was arrested by local police in Savannah, Georgia and charged with possession of a firearm by a convicted felon and receiving stolen property. One month later he was indicted on federal charges for possession of a firearm and ammunition by a convicted felon and possession of a stolen firearm. While the federal charges remained pending, Georgia dismissed the state charges in October 2011.

In February 2012, Fields pled guilty to possessing the stolen firearm and the federal court imposed a 108-month sentence. Fields was returned to state custody on March 1, 2012, and on March 22, 2012 his Georgia parole was revoked. The state imposed a 10-month revocation sentence, ordered to run concurrently with his pre-existing federal sentence, with credit for time spent in state custody since March 1, 2012. Fields completed service of this sentence on January 24, 2013 and was transferred to federal custody to commence service of his federal sentence. *United States v. Fields*, No. 4: 11-CR-201-LGW-1 (S.D. Ga. 2011).

The Bureau of Prisons ("BOP") initially did not grant Fields any credit for time spent in custody from the date of his initial arrest in June 2011 until his transfer to Georgia custody in March 2012, incorrectly believing that this time had been credited against his state parole revocation sentence. However, when Fields filed inmate grievances regarding this issue starting in May 2013, the BOP recognized the error when it audited his records. By March 2014, the BOP had awarded Fields 259 days of prior custody credits starting from June 17, 2011 (the day he was arrested by Georgia police) to March 1, 2012 (the day he was transferred to Georgia custody) because these days had not been credited against any other sentence. The BOP declined, however, to grant a *nunc pro tunc* designation of the Georgia state prison as the place for service of his federal sentence pursuant to *Barden v. Keohane*, 921 F. 2d 476 (3d Cir. 1970), in part based upon the trial court's recommendation that such relief be denied. See *Fields v. Hastings*, No. 2: 14-CV-90-LGW (S.D. Ga. 2014) [R. 8, 8-2 therein].

2

In May 2013, Fields filed a *pro se* motion in the federal trial court requesting that, in light of the Georgia court's order that the two sentences be served concurrently, the BOP be ordered to credit him with 19 months of prior custody credits from June 17, 2011 to January 24, 2013. [R. 27 therein at 2-3] The Court dismissed the motion on the grounds that Fields must first exhaust his administrative remedies within the BOP and then seek relief under 28 U.S.C. § 2241. *Fields*, No. 4: 11-CR-201-LGW-1 at R. 34 therein.

In June 2014, Fields filed a Section 2241 petition in the United States District Court for the Southern District of Georgia challenging the BOP's refusal to award prior custody credits under § 3585(b) and its denial of a *nunc pro tunc* designation under *Barden*. That Court denied relief, concluding that all of the time Fields spent in custody prior to the imposition of his federal sentence was properly credited against his federal sentence pursuant to 18 U.S.C. § 3585(b), and that the time he spent in state custody on his revocation sentence was credited against that Georgia sentence and could not be double counted against his federal sentence. That court further concluded that the BOP acted within its discretion to deny a *nunc pro tunc* designation under *Barden*. *Fields*, No. 2: 14-CV-90-LGW at R. 10, 11 therein.

In March 2018 Fields sent a one-page letter to the federal trial court, requesting without explanation or argument that his federal sentence be deemed to have commenced on the date it was imposed, also making unexplained references to a *nunc pro tunc* designation of the state prison as the place for service of his federal sentence and to "interruption" of his

3

federal sentence. The court again noted that Fields' claims must be pursued under Section 2241 and denied his request, but directed that, so construed, his letter be transferred to this Court as a habeas corpus petition. [R. 42, 44 therein].

This Court summarily dismissed that action on procedural grounds, but invited Fields to file a new petition and pay the requisite filing fee. *Fields v. United States*, No. 7: 18-30-KKC (E.D. Ky. 2018). Fields did file a new petition, and it has been docketed as the operative pleading in this case. However, Fields' petition is unsigned and provides neither a factual basis nor any legal argument in support of the relief he seeks. [R. 1] Nonetheless, the Court will liberally construe it to assert the same grounds for relief set forth in his prior petition before this Court in Case No. 18-30.

First, as previously noted the BOP has already awarded Fields prior custody credits pursuant to Section 3585(b) from June 17, 2011 to March 1, 2012. He is not entitled to further credits from March 2, 2012 to January 24, 2013 as that time was credited against his Georgia revocation sentence, and may not be counted a second time against his federal sentence. *United States v. Wilson*, 503 U .S. 329, 337 (1992); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

The fact that the Georgia court ordered its sentence to run concurrently with Fields federal sentence, which had yet to commence by that time, was of no legal effect: the Supremacy Clause prevents a state court order of concurrency from causing a federal sentence to commence prior to the date established by operation of 18 U.S.C. § 3585(a). Cf.

*Finch v. Vaughn*, 67 F.3d 909 (11th Cir. 1995); *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2nd Cir. 2005); *Leal v. Tambone*, 341 F.3d 427, 427-30 (5th Cir. 2003).

To the extent Fields again challenges the BOP's decision not to grant a *nunc pro tunc* designation under *Barden*, that claim would doubtless be barred as an abuse of the writ if the Warden chose to assert that affirmative defense. *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991). But upon initial screening, the Court's role is merely to determine whether the petitioner has set forth plausible grounds to conclude that the Warden's decision not to grant that form of relief constituted an abuse of discretion. Cf. *Eccleston v. United States*, 390 F. App'x 62, 64-65 (3d Cir. 2010) ("The test is not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice."). In the prior habeas petition, the respondent provided documentation establishing that the BOP had considered the factors set forth in Section 3621(b) as well as the recommendation of the sentencing court to deny relief, and reached a conclusion to deny relief that was neither irrational nor palpably at odds with 18 U.S.C. § 3621(b). Accordingly, the BOP did not abuse the wide discretion afforded it under *Barden*. Cf. *Ramos-Rodriguez v. Warden, FCI Fort Dix*, No. 11-2967, 2011 WL 4537749, at *2 (3d Cir. Oct. 3, 2011); *Alvarez v. Schultz*, 312 F. App'x 495, 497 (3d Cir. 2009).

Finally, Fields was never released to his liberty at any point during this period, and hence his service of his federal and state sentences was never interrupted. Because Fields' petition states no viable ground for relief, it will be denied.

Accordingly, it is **ORDERED** as follows:

1. Petitioner Zimbabwe Fields's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Entered: May 8, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY